Filed 9/12/25  P. v. Segura CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| THE PEOPLE, | B345006 |
|---|---|
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA026431) |
| v. | |
| LORENZO SEGURA, | |
| Defendant and Appellant. | |

THE COURT:

Lorenzo Segura appeals from the order of the superior court denying his petition for resentencing under Penal Code[1] section 1172.6 (former section 1170.95).[2]  Appellant's appointed

---

[1] Undesignated statutory references are to the Penal Code.

[2] Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10).

counsel found no arguable issues and filed a brief consistent with *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Under the standard articulated in *Delgadillo*, we do not undertake an independent review of the record but instead evaluate the arguments that appellant raises in his letter brief. (*Id.* at pp. 231–232.) Finding none of his arguments meritorious, we affirm.

## BACKGROUND

In 1995, appellant hunted down and fired at Miguel Aparicio, who was driving a car he borrowed from appellant and did not return in a timely manner.[3] Later that night, appellant entered Aparicio's apartment. Aparicio was not there, but three roommates were. Appellant shot all three, killing two of them.

In 2004, appellant was convicted by a jury of one count each of first degree murder (Pen. Code, §§ 187, subd. (a), 189, subd. (a)), second degree murder (§§ 187, subd. (a), 189, subd. (b)), attempted willful, deliberate and deliberate and premeditated murder (§§ 187, 664), shooting at an occupied vehicle (§ 246), and attempted voluntary manslaughter (§§ 192 subd. (a), 664). The jury found a multiple-murder special-circumstance allegation true (§ 190.2, subd. (a)(3)), as well as allegations that appellant personally used a firearm during the commission of all offenses and personally inflicted great bodily injury during the commission of the attempted murder (§§ 12022.5, subd. (a), 12022.7, subd. (a)). The trial court sentenced

---

For the sake of simplicity, we refer to the section by its new numbering.

[3] The background facts are drawn from this court's nonpublished opinion in appellant's direct appeal from his conviction. (*People v. Segura* (Sep. 13, 2005, B175642) [nonpub. opn.].)

2

appellant to an aggregate imposed sentence of two consecutive terms of life without the possibility of parole, plus a consecutive life term, plus a consecutive determinate term of 39 years 10 months. This division affirmed appellant's conviction in 2005.

In March 2023, appellant filed a petition for resentencing, checking all boxes on the form, including the allegation that the prosecution proceeded under a theory of felony murder, the natural and probable consequences doctrine, or other theory under which malice was imputed based solely on participation in the crime. The trial court appointed counsel for appellant, and the People filed a response opposing the petition.

On February 27, 2025, the trial court held a hearing on appellant's petition. The trial court observed that the jury in the underlying matter was not instructed on felony murder, the natural and probable consequences doctrine, or any other theory where malice was imputed based only on participation in the crime. The court denied the petition, finding that a prima facie case for relief was not made.

Appellant filed a timely notice of appeal.

## DISCUSSION

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Sen. Bill 1437) eliminated the natural and probable consequences doctrine as a basis for murder liability and limited the scope of the felony-murder rule. (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) The felony-murder rule was amended to provide that "[a] participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted,

3

counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e).) Sen. Bill 1437 also amended section 188 to require that, when the felony-murder rule does not apply, a principal in the crime of murder "shall act with malice aforethought" and "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); see *People v. Gentile* (2020) 10 Cal.5th 830, 842–843, superseded by statute on another ground as stated in *People v. Oyler* (2025) 17 Cal.5th 756, 836.)

Sen. Bill 1437 authorizes the filing of a petition " 'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " *(Lewis, supra,* 11 Cal.5th at p. 967.) Effective January 1, 2022, Senate Bill No. 775 (2021-2022 Reg. Sess.) amended section 1172.6 to expand its coverage to individuals convicted of attempted murder under the natural and probable consequences doctrine and manslaughter. (§ 1172.6, subd. (a); *People v. Coley* (2022) 77 Cal.App.5th 539, 544.)

Upon receiving a properly pleaded petition for resentencing under section 1172.6, the trial court is to appoint counsel to the petitioner, if requested. (*Lewis, supra*, 11 Cal.5th at p. 966.) The court then conducts a prima facie review to determine eligibility for relief and issues an order to show cause if a prima facie showing is made. (*Id.* at p. 971.) The court may consider the

4

record of conviction to determine whether the petitioner made the requisite prima facie showing. (*Id.* at pp. 971–972.)

As noted above, in this appeal from the trial court's denial of appellant's section 1172.6 petition, appointed counsel filed a *Delgadillo* brief. We notified appellant of that filing and gave appellant leave to file his own brief stating grounds for appellate relief. Appellant filed a letter brief in which he (1) requests that this court consider his convictions in light of the amendments to sections 188 and 189, (2) argues that he received ineffective assistance of counsel with respect to the petition, and (3) contends that the trial court should not have held a hearing on his petition unless he was personally present or affirmatively waived a personal appearance.

We reject appellant's contentions. Appellant does not dispute the trial court's conclusion that the jury did not receive instructions on the felony-murder theory, the natural and probable consequences doctrine, or any other theory where malice was imputed based solely on his participation in the crime. The court's denial of the petition at the prima face stage was proper because the record of conviction conclusively showed that appellant, as the actual killer, was ineligible for relief as a matter of law. (See *Lewis, supra,* 11 Cal.5th 952, 970–971.) The amendments to sections 188 and 189 effected by Sen. Bill 1437 do not assist appellant. (See *People v. Strong* (2022) 13 Cal.5th 698, 710 ["Senate Bill 1437 relief is unavailable if the defendant was . . . the actual killer"].) Because appellant was ineligible for relief as a matter of law, he likewise cannot demonstrate ineffective assistance of counsel. (See *People v. Thompson* (2016) 1 Cal.5th 1043, 1101 [defendant must show prejudice to establish ineffective assistance of counsel].)

5

Appellant's further argument that he had a constitutional right to be personally present at the prima facie hearing also fails. "A criminal defendant has the right under the state and federal Constitutions to be personally present and represented by counsel at all critical stages of the trial. For purposes of the right to be present, a critical stage is 'one in which a defendant's " 'absence might frustrate the fairness of the proceedings' [citation], or 'whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge.' " ' " (*People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 465.)

Imposition of sentence, sentence modification, and resentencing are critical hearings where a defendant has the right to be personally present. (*People v. Basler* (2022) 80 Cal.App.5th 46, 57 (*Basler*).) A defendant also has a right to be personally present at a section 1172.6 evidentiary hearing—the ultimate hearing following a successful prima facie showing—absent a knowing, intelligent, and voluntary waiver. (*Basler,* at pp. 57–58; *People v. McClelland* (2024) 100 Cal.App.5th 1109, 1114 (*McClelland*).) At the evidentiary hearing, the trial court determines " 'whether to vacate the murder [or] attempted murder . . . conviction and to recall the sentence and resentence the petitioner on any remaining counts *in the same manner as if the petitioner had not previously been sentenced*, provided that the new sentence, if any, is not greater than the initial sentence.' " (*Basler,* at p. 58.) The evidentiary hearing "is 'akin to a plenary sentencing hearing' and thus a 'critical stage' in the criminal process." (*Ibid.*)

A defendant, however, does not possess such a right to be present at other, noncritical stages of section 1172.6 proceedings.

6

(See *McClelland* at pp. 1114–1116 [rejecting claim that personal presence was required at asserted hearing following the evidentiary hearing].)  At the prima facie hearing, the trial court may simply deny the petition as a matter of law based on uncontested facts contained in the record of conviction.  (*Lewis, supra*, 11 Cal.5th at pp. 971–972.)  The prima facie determination is not akin to a sentencing hearing and is not a critical stage of the proceedings.  (See *Basler, supra,* 80 Cal.App.5th at p. 58; see also *People v. Perry* (2006) 38 Cal.4th 302, 312 ["[A] defendant may ordinarily be excluded from conferences on questions of law, even if those questions are critical to the outcome of the case, because the defendant's presence would not contribute to the fairness of the proceeding."].)

Accordingly, appellant had no constitutional right to be personally present at the prima facie hearing, and the trial court did not err in denying the section 1172.6 petition in appellant's absence.[4]

---

[4] In any event, " '[e]rroneous exclusion of the defendant is . . . trial error that is reversible only if the defendant proves prejudice' " (*People v. Miranda-Guerrero* (2022) 14 Cal.5th 1, 23), and appellant fails to demonstrate any potential prejudice resulting from his absence at the hearing.

## DISPOSITION

The trial court's order denying appellant's Penal Code section 1172.6 petition is affirmed.

NOT TO BE PUBLISHED.


LUI, P. J.          CHAVEZ, J.          RICHARDSON, J.